UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DANIEL VAN LOAN

      Plaintiff,

v.

TOWN OF FRAMINGHAM,
SCOTT A. BROWN and LEONARD J. PINI,

      Defendants.

CIVIL ACTION
NO. 12-40148-TSH

## MEMORANDUM OF DECISION ON DEFENDANTS SCOTT A. BROWN, LEONARD J. PINI, AND THE TOWN OF FRAMINGHAM'S MOTION FOR SUMMARY JUDGMENT (Docket No. 27)
### March 27, 2014

HILLMAN, D.J.

### Introduction

Daniel Van Loan ("Plaintiff") filed a complaint alleging assault and battery, intentional infliction of emotional distress, false imprisonment, false arrest, malicious prosecution, and violations of 42 U.S.C. s. 1983 against Det. Sgt. Scott A. Brown ("Brown") and Det. Leonard J. Pini ("Pini") and negligence against the Town of Framingham ("Framingham"). Brown, Pini, and Framingham (collectively, "Defendants"), now move for summary judgment on all counts. For the reasons set forth below Defendants' motion for summary judgment is granted

### Background

Plaintiff was arrested on October 5, 2009 and charged with possession of crack cocaine with intent to distribute and a drug violation near a school zone. Months prior to the arrest, Plaintiff had suffered a relapse with his addiction to crack. On September 16, 2009 Sharon

Howell ("Howell") informed Brown, a Framingham police officer, that she knew that Plaintiff was selling drugs in the Framingham area. Howell became a confidential informant referred to in Brown's police report as C1-283. Howell informed police that Plaintiff lives at 21 Hilton Street, is a black male in his late forties, and drives a silver two-door car. Howell told police that she could give Plaintiff money and Plaintiff would use the money to pick up cocaine in Boston from an unknown source, and that Plaintiff would use some of the cocaine, give some away, and sell the rest. Detective Martinez obtained a registration from a silver Chevy parked in front of 21 Hilton Street showing the vehicle belonged to Plaintiff, a black male born in 1957.

Howell was shown a picture of Plaintiff and confirmed that was the person she was referring to. Howell first met Plaintiff at an NA meeting in 1999. Plaintiff started showing up at meetings again in 2008 or 2009. Plaintiff and Howell had a dating type relationship in or after July 2009 and used drugs together at Howell's house. Plaintiff was aware Howell sold drugs and the two had conversations about using drugs.

On September 17, 2009 police searched Howell, gave her money, and instructed her to go to Plaintiff's apartment to buy cocaine. Police brought Howell to Hilton Street and watched as she walked to 21 Hilton Street and knocked at the door to the second floor apartment. Police observed Howell handing money to the person who answered the door, then walking away and meeting Detective Martinez. Howell told police that Plaintiff met her at the door and said he would pick up the cocaine later in the day. Howell told the police she gave the money for drugs directly to the Plaintiff.

Later the same day Howell called Brown to tell him Plaintiff had called her and told her he would not pick up the cocaine until the following day. On September 18, Plaintiff called Brown to tell him that Plaintiff said he would pick up the cocaine later that day. Members of the

Framingham Police narcotics unit set up surveillance outside 21 Hilton Street. At approximately 6:40 pm police observed Plaintiff exit 21 Hilton Street, get into his car, and drive east on rt. 135. They observed him stop at Roche Bros., turn off his car, then start the car again and go to get gas. At approximately 7:30 pm Detective Martinez observed Plaintiff park in front of 21 Hilton Street.

Brown instructed Howell to call Plaintiff and arrange to pick up the cocaine. Howell was searched and taken to an area near Hilton Street; she then called Plaintiff's cell phone. A male voice answered the call and told Howell to meet him at a nearby Walgreen's. Howell agreed and hung up the phone. Plaintiff and Howell spoke for only a couple of seconds. During the call, Brown observed Plaintiff walking toward the Walgreen's and observed him end the phone conversation at the same time Howell did so. Police searched Howell and sent her to meet Plaintiff at Walgreen's while under constant police surveillance. Howell walked up to Plaintiff in the Walgreen's parking lot and stood face to face with him. After a few second, Howell turned and walked back to Brown's car. Police officers did not see Howell meet with anyone other than Plaintiff. Howell returned to Brown's car and, once in the car, handed Brown a bag that Brown recognized to contain crack cocaine. The bag later tested positive for the presence of cocaine. Police searched Howell and found no money or contraband. Howell told Brown that Plaintiff placed the bag in her pocket and told her to come back if she needed more. Pini observed Plaintiff walking back to 21 Hilton Street and entering the apartment.

On October 5, 2009, at about 4:30 pm, Plaintiff attempted to locate Howell, but he could not find her so he returned home. As he exited his vehicle, Plaintiff was placed under arrest by Brown and Pini and charged with distribution of a class B substance, crack cocaine, and a school zone violation. Plaintiff was arrested without incident. Plaintiff was arraigned before the

Framingham District Court on October 6, 2009. The criminal proceeding continued until the Commonwealth filed a Nolle Prosequi on February 4, 2011, terminating the case.

Plaintiff has not spoken to Howell since his arrest, and the two are "done," though they had been seeing each other once or twice a week. Plaintiff told his drug counselor in May 2009 that he was "set up by a female friend for intent to distribute." Plaintiff has admitted that he does not know what Howell told the police.

Plaintiff presented notice of his negligence claim on the town of Framingham in February 2012, over two years after his arrest on October 5, 2009.

## Discussion

*Standard of Review*

Summary judgment is appropriate when "there is no genuine issue as to any material fact" and thus "the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). An issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir.1994). The moving party is responsible for "identifying those portions [of the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1968). It can meet its burden either by "offering evidence to disprove an element of the plaintiff's case or by demonstrating an 'absence of evidence to support the non-moving party's case.'" *Rakes v. U.S.*, 352 F. Supp. 2d 47, 52 (D. Mass. 2005) (quoting *Celotex*, 477 U.S. at 4). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic*, Inc., 18 F.3d 13, 15 (1st Cir.1994) (discussing *Celotex*, 477 U.S. at 325). When ruling on a motion for

4

summary judgment, the court must construe the facts in the light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003).

*False Imprisonment, False Arrest, Malicious Prosecution, and 42 U.S.C. s. 1983*

Plaintiff's claims against Brown and Pini for false imprisonment (Counts III and IX), false arrest (Counts IV and X), and malicious prosecution (Counts V and XI) can only succeed if the officers lacked probable cause for the arrest. *Philbrook v. Perrigo*, 637 F. Supp. 2d 48, 53 (D. Mass. 2009) (noting that the existence of probable cause to make an arrest is a defense to claims of false arrest or imprisonment); *Chervin v. Travelers Ins. Co.*, 448 Mass. 95, 858 N.E.2d 746 (2006) ("To prevail on a claim for malicious prosecution, a plaintiff must establish that he was damaged because the defendant commenced the original action without probable cause"). The same is true for s. 1983 claims (Counts VI and XII) that are based on alleged fourth amendment violations. *Mann v. Cannon*, 731 F.2d 54, 62 (1st Cir.1984) (explaining that to prove a Fourth Amendment violation pursuant to § 1983, a "plaintiff must show at a minimum that the arresting officers acted without probable cause").

Probable cause exists when the "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627, 2632 (1979). "The focus is not on certitude, but, rather, on the likelihood of criminal activity." *Acosta v. Ames Dep't Stores, Inc.*, 386 F.3d 5, 9 (1st Cir. 2004). Here, probable cause existed. The arresting officers had information from a confidential informant that Plaintiff was selling drugs. The police used the confidential informant to conduct a controlled buy of crack cocaine. They watched the confidential informant go to Plaintiff's front door and speak to a man, and were told by the

confidential informant that the man at the door was Plaintiff and that she gave Plaintiff money for drugs. The next day, police searched the confidential informant, observed her while she met Plaintiff in a parking lot for a few seconds, and observed the informant immediately return to Brown's car where she gave Brown a bag she said she received from Plaintiff. This bag field-tested positive for cocaine. Given these circumstances, the police had ample reason to believe Plaintiff had sold cocaine. It does not matter that Plaintiff claims he never sold cocaine; the inquiry is whether or not the circumstances would support a prudent person in *believing* a crime had been committed.

As Plaintiffs' arrest was supported by probable cause, summary judgment is granted on the claims of false imprisonment (Counts III and IX), false arrest (Counts IV and X), malicious prosecution (Counts V and XI), and s. 1983 violations (Counts VI and XII).

*Assault and Battery*

Plaintiff makes no allegations of excessive force, and agrees the arrest took place without incident. Thus the assault and battery claims (Counts I and VII) can only be based on any contact police made in the course of arresting him. As explained above, the police had probable cause for making the arrest, and thus the arrest was lawful. *Holder v. Town Of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009). When, as here, an officer is authorized to make an arrest, he "may use such force as is reasonably necessary to effect the arrest." *Sietins v. Joseph*, 238 F. Supp. 2d 366, 380 (D. Mass. 2003) (quoting *Julian v. Randazzo*, 380 Mass. 391, 396 (1980)). Plaintiff does not claim the police used any more force than necessary to effect the arrest; thus the claims for assault and battery must fail and summary judgment is granted on Counts I and VII.

*Intentional Infliction of Emotional Distress*

To succeed on a claim of intentional infliction of emotional distress, "a plaintiff must

confidential informant that the man at the door was Plaintiff and that she gave Plaintiff money for drugs. The next day, police searched the confidential informant, observed her while she met Plaintiff in a parking lot for a few seconds, and observed the informant immediately return to Brown's car where she gave Brown a bag she said she received from Plaintiff. This bag field-tested positive for cocaine. Given these circumstances, the police had ample reason to believe Plaintiff had sold cocaine. It does not matter that Plaintiff claims he never sold cocaine; the inquiry is whether or not the circumstances would support a prudent person in *believing* a crime had been committed.

As Plaintiffs' arrest was supported by probable cause, summary judgment is granted on the claims of false imprisonment (Counts III and IX), false arrest (Counts IV and X), malicious prosecution (Counts V and XI), and s. 1983 violations (Counts VI and XII).

*Assault and Battery*

Plaintiff makes no allegations of excessive force, and agrees the arrest took place without incident. Thus the assault and battery claims (Counts I and VII) can only be based on any contact police made in the course of arresting him. As explained above, the police had probable cause for making the arrest, and thus the arrest was lawful. *Holder v. Town Of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009). When, as here, an officer is authorized to make an arrest, he "may use such force as is reasonably necessary to effect the arrest." *Sietins v. Joseph*, 238 F. Supp. 2d 366, 380 (D. Mass. 2003) (quoting *Julian v. Randazzo*, 380 Mass. 391, 396 (1980)). Plaintiff does not claim the police used any more force than necessary to effect the arrest; thus the claims for assault and battery must fail and summary judgment is granted on Counts I and VII.

*Intentional Infliction of Emotional Distress*

To succeed on a claim of intentional infliction of emotional distress, "a plaintiff must

show (1) that the defendant intended to cause, or should have known that his conduct would cause, emotional distress; (2) that the defendant's conduct was extreme and outrageous; (3) that the defendant's conduct caused the plaintiff's distress; and (4) that the plaintiff suffered severe distress." *Sena v. Com.*, 417 Mass. 250, 263-64 (1994). To be considered "extreme and outrageous" conduct must be "beyond all bounds of decency and utterly intolerable in a civilized community. *Id*. at 264 (internal quotations omitted). Plaintiff makes no allegations of conduct by the police beyond his arrest and imprisonment. Making an arrest that is based on probable cause, and thus legally authorized, cannot be considered such. *Id*. (finding that making an arrest pursuant to an issued warrant cannot be considered utterly intolerable in civilized society). Summary judgment therefore isgranted on Counts II and VIII.

*Negligence*

Plaintiff brings a claim for negligence against the Framingham based on negligent acts of its employees and supervisory negligence. Massachusetts law requires a Plaintiff to present a claim against a public employer based on negligence of its employees within two years after the date upon which the cause arose. M.G.L. c. 258 s. 4. Plaintiff does not deny that he did not comply with this requirement. Moreover, as explained above, no tort was committed because Brown and Pini had probable cause to make the arrest. There can be no employer liability where there is no underlying tort by the employee. *Kennedy v. Town Of Billerica*, 617 F.3d 520, 533 (1st Cir. 2010) ("Massachusetts cases have only allowed supervisory negligence claims against municipalities where the municipality knew or should have known about an underlying, identifiable tort"). For both of these reasons, summary judgment is granted on the negligence claim against Framingham (Count XIII).

## **Conclusion**

For the reasons set forth above, Defendants' Motion for Summary Judgment (Docket No. 27) is **granted**.

SO ORDERED.

                                                  */s/ Timothy S. Hillman*
                                                  **TIMOTHY S. HILLMAN**
                                                  **UNITED STATES DISTRICT JUDGE**

.